UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSH DOUGLAS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 15-445-JJB-RLB** |
| **MASTER SERGEANT ANGELA ANDERSON** | |

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 41) filed on April 12, 2016.

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the court has allowed Plaintiff to conduct limited third-party discovery to obtain the last known address of the named defendant, Master Sergeant Angela Anderson, prior to a Rule 26(f) conference between the parties. (R. Doc. 10).

On November 5, 2015, Plaintiff served, through the U.S. Marshal, subpoenas on Secretary James LeBlanc and Warden Vannoy to obtain the last known address of Defendant. (R. Doc. 29). Plaintiff did not receive responses to the subpoena and represented that the Human Resources department of Dixon Correctional Institute informed her counsel that no individual by the name of Master Sergeant Angela Anderson had worked there. (R. Doc. 30-1 at 2-3).

On February 12, 2016, the Court allowed Plaintiff to conduct additional limited third-party discovery to attempt to obtain the last known address of the proper defendant in this action, whether named Master Sergeant Angela Anderson or otherwise. (R. Doc. 34).

On March 18, 2016, Plaintiff served, through the U.S. Marshall Service, a subpoena on Wardon Vannoy to obtain the following information:

> (1) The names and last known address of all employees/guards working on Dorm L and/or the Rec Room/Dorm L Security Office on the day of October 16, 2013;

and (2) Any investigative files concerning the scalding of Mr. Josh Douglas on October 16, 2013.

(R. Doc. 40). The subpoena provides a return date of April 30, 2016 at 5:00 p.m. Accordingly, Plaintiff's motion to compel filed on April 12, 2016, was prematurely filed.

Based on the foregoing

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that any future motion to compel a third-party subpoena filed by Plaintiff must indicate that she has served the motion on that third party, or is otherwise seeking service of the motion on the third party by the U.S. Marshal. *See* Fed. R. Civ. P. 45(c)(2)(B)(1) ("At any time, *on notice to the commanded person*, the serving party may move the issuing court for an order compelling production or inspection.") (emphasis added).

Signed in Baton Rouge, Louisiana, on April 14, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**